May it please the Court, my name is Lindsay Glahner and I represent the government. The Board acted within its discretion in concluding that the deaths of De Silva's brother and a Parliament member who supported De Silva's original asylum claim did not constitute material changes in country conditions in Sri Lanka because De Silva failed to demonstrate that they were in any way related to his political opinion. Beginning with his brother's death, De Silva failed to demonstrate that Guerrero intended to kill him instead of his brother because of his political opinion. The agency and this Court have held that Guerrero's past interest in De Silva was related to his opposition to his drug-dealing activities. Did they hold that he didn't show otherwise or did they hold that it was related to the drug-dealing activities? It seems to me to be an important difference. Correct, Your Honor. They specifically held that he failed to submit sufficient evidence that it was on account of his political opinion. As opposed to holding that it was, right? The last paragraph of the decision was that they found that it was reasonable for the immigration judge to conclude that De Silva made the report to the police officer and that he received retaliation from Guerrero because of his opposition to his drug-dealing activities. But I would say that the Court's holding was that it wasn't on account of his political opinion. Okay. I gather you concede in a proper case that if you could show that criminals were in fact in control of the government elements that that would constitute an appropriate nexus? I think if there's sufficient evidence indicating that the criminals were intertwined with government operation, then some sort of expression against a criminal may be an expression of a political opinion. But that's not the case we have here. When he made the report to the police officer, the report was specifically made against Guerrero. He stated in his affidavit that he went to the police because he was concerned with Guerrero dealing drugs in his neighborhood and he didn't want the children to become addicted to drugs. His concern was really limited to one person and he's never expressed any position or discomfort or concern about there being some sort of corruption in Sri Lanka between this drug dealer Guerrero and the Sri Lankan government. Similarly, de Silva failed to submit any evidence indicating that the death of the parliament member who supported his original asylum claim was in any way related to him or to his political opinion. In his declaration, he simply claimed that the parliament member was killed by a suicide bomber with the assistance of the police. Counsel in the motion to reopen claimed that Guerrero was associated with the police officer involved in the assassination and that Guerrero had been seen in his presence. But those statements do not constitute evidence and they're in fact contradicted by an article in the record that was submitted by de Silva regarding the assassination of the parliament member. That article specifically states that the assassination was organized by a terrorist organization, the LTTE, not Guerrero or Guerrero's drug cartel, and that the police officer who was involved in the assassination did so for one reason, because of money, not because of any sort of association with Guerrero or anything along those lines. And the article also makes clear that the police officers in general in Sri Lanka were opposed to this other police officer's involvement in the assassination and they had labeled him a traitor and they were prosecuting him for the offense. Counsel, you indicated earlier there's no allegation of government correction, no nexus, but I understood that in the motion to reopen that there was an allegation that individuals reported seeing the brother blindfolded and then in the custody of the police and turned over to the drug dealers and then subsequently killed. What about that? And that allegation was only contained in the motion to reopen. De Silva did not mention, he did not explain the context of his brother's death, how his brother was killed. So what we're left with is just the attorney's allegation in the motion that that's how the brother was killed. What about that his affidavit, the claimant's affidavit incorporates the motion? Says that he's read it and that he incorporates those facts that are asserted there. And interestingly, the declaration contains a bit of a disclaimer. He says that the facts contained in the motion to reopen are true to the best of my knowledge. In this case, I would say that the board was not required to extend this court's precedent, finding that declarations are true to the motion to reopen in this case for two main reasons. The first reason would be the motion to reopen in this case post-dates the declaration. There's no indication that De Silva reviewed the draft of the motion to reopen that was actually filed with the board. The declaration is dated December 25th, 2009, and the motion is dated January 25th, 2010, I believe. And it was filed with the board on the 27th of 2010. The motion... So just to close that off, so you think that your interpretation of that is that he couldn't have reviewed the motion at the time he signed his declaration, is that it? Not necessarily. He could have reviewed a draft of the motion, but given the discrepancy in the date, we don't know whether he reviewed the final version of the motion that was filed with the board. Okay. The second factor is that there are inconsistencies between the motion and the declaration regarding two important factors. The first factor is in the motion, Petitioner's Counsel claimed that his brother was killed by the police. He stated it on three separate occasions, but then he also claimed that De Silva's brother was killed essentially by Guerrero and his gang with the assistance of the police. And Petitioner in his declaration stated that his brother was killed by drug traffickers. He doesn't even define the killer as Guerrero with the aid of the police. So it's not really clear who actually killed his brother. And then the second discrepancy is also with respect to the identity of the person who killed the member. In his declaration, De Silva states that his brother, I mean the parliament, excuse me, the parliament member was killed by a suicide bomber with the assistance of the superintendent of police. And in the motion, Petitioner's Counsel claims that the assassination of the parliament member was organized by Guerrero and that Guerrero had been seen in the presence of this police superintendent that was involved in the assassination. And there's no evidence to that fact. So the motion and the declaration are inconsistent regarding the identities of the killer, again, of De Silva's brother and the parliament member. The evidence that De Silva submitted in support of his motion does not make any link between the death of his brother and the parliament member. And for this reason, the board reasonably concluded that the death of De Silva's brother and the parliament member who supported his original assassin claim did not constitute material changes in country conditions in Sri Lanka. And thus, the board reasonably denied his motion to reopen as untimely. Accordingly, if there's no further questions. Any further questions from counsel? Thank you, counsel. Thank you. If the matter is adjourned, you'll be submitted for decision.
judges: Thomas, Smith, Christen